AS YOU ARE AWARE, THIS OFFICE IS IN RECEIPT OF A LETTER FROM STATE REPRESENTATIVE BILL BREWSTER REQUESTING THE OPINION OF THE ATTORNEY GENERAL WITH RESPECT TO THE AUTHORITY OF THE OKLAHOMA HORSE RACING COMMISSION ("THE COMMISSION") TO ENACT RULES AND REGULATIONS PERTAINING TO THE SELECTION OF HORSEMEN'S ORGANIZATIONS TO REPRESENT THE HORSE OWNERS AND TRAINERS OF VARIOUS BREEDS OF RACE HORSES IN THEIR DEALINGS WITH COMMISSION LICENSEES. AS UNDERSTAND IT, AT THE PRESENT TIME THE ONLY OVERSIGHT EXERCISED BY THE COMMISSION IN THIS AREA IS DONE PURSUANT TO 3A O.S. 204(11) (1989), GRANTING IT THE AUTHORITY TO APPROVAL ALL CONTRACTS AND AGREEMENTS FOR THE PAYMENT OF MONEY. BECAUSE OF THE SEVERE TIME CONSTRAINTS WITHIN WHICH THE COMMISSION IS OPERATING, I AM TAKING THIS OPPORTUNITY TO EXPRESS MY INDIVIDUAL OPINION THAT THE ABOVE REFERENCED SUBJECT AREA IS WELL WITHIN THE COMMISSION'S RULE-MAKING AUTHORITY.
THERE CAN BE LITTLE DOUBT THAT THE COMMISSION HAS EXTREMELY BROAD RULE-MAKING POWERS. SEE, E.G., 3A O.S. 203.7 (1989) WHEREIN THE LEGISLATURE HAS "VESTED(ED) "IN THE COMMISSION PLENARY POWER TO PROMULGATE RULES AND REGULATIONS FOR THE FORCIBLE CONTROL OF RACE MEETINGS HELD IN THIS STATE." THIS GRANT OF RULE-MAKING AUTHORITY IS PROBABLY AS BROAD AS THAT GRANTED ANY OTHER STATE AGENCY IN OKLAHOMA. THE BREADTH OF THIS POWER IS ALSO BORN OUT IN THE LEGISLATURE'S STATEMENT OF PURPOSE BEHIND THE RULE-MAKING AUTHORITY CONFERRED. ADDITIONALLY, IN 3A O.S. 204(A)(2) THE COMMISSION IS GRANTED THE "AUTHORITY TO PROMULGATE RULES AND REGULATIONS FOR THE PURPOSE OF ADMINISTERING THE PROVISIONS OF THE OKLAHOMA HORSE RACING ACT." IT SHOULD BE NOTED THAT THIS GRANT OF RULE-MAKING AUTHORITY IS AT LEAST AS BROAD AS THAT GRANTED THE CALIFORNIA HORSE RACING BOARD PURSUANT TO 19401(A), AND (E), 19440, AND 19562 OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE.
IT IS DIFFICULT FOR ME TO SEE HOW A RULE ADOPTED BY THE COMMISSION COMPARABLE TO THAT ADOPTED BY THE CALIFORNIA HORSE RACING BOARD, CODIFIED AT TITLE 4, 2040 OF THE CALIFORNIA ADMINISTRATIVE CODE, WOULD PLACE THE COMMISSION BEYOND THE SCOPE OF ITS RULE-MAKING AUTHORITY. WHILE THE FOREGOING DOES NOT CONSTITUTE A GUARANTEE THAT A REVIEWING COURT WOULD FIND SUCH A RULE ADOPTION TO BE WITHIN THE SCOPE OF THE COMMISSION'S RULE-MAKING AUTHORITY, I BELIEVE THAT WOULD BE THE MOST LIKELY RESULT.
(NED BASTOW)